## SUPREME COURT.

IN THE MATTER OF THE APPLICATION OF JOHN CAVANAGH.

Where a defendant is convicted of a *misdemeanor* under the statute, (or any other statutory offence,) the *judgment* of the court thereon for sentence must state the particular offence constituting the misdemeanor, or other crime.

That is, it is not enough for the judgment to state that the defendant was convicted of a misdemeanor, simply—it must state what the offence was which constituted the misdemeanor, whether a violation of duty as a commissioner of excise, or gaming, &c.

The detention of a defendant under such an alleged defective judgment may be inquired into on *habeas corpus*, because the defect is apparent on the face of the process of commitment. And where it clearly appears, the defendant will be discharged.

In Kings county a special statute exists directing the courts sentencing prisoners to imprisonment for thirty days or more, to sentence them to be imprisoned in the penitentiary. Therefore a sentence and commitment of a person convicted of a misdemeanor to the common jail of that county for thirty days is illegal; and this question may also be decided on *habeas corpus*.

*Habeas Corpus.*—John Cavanagh was convicted at the Kings County Oyer and Terminer, for violation of duty as a commissioner of excise, and sentenced to imprisonment, and to pay a fine. On the 3d of October, inst., an application was made to DEAN, Justice, for a *habeas corpus*, to inquire into the cause of his detention. The grounds of the application were :—

1. That the commitment was illegal in not stating any offence.

2. That the law in Kings county requires that persons sentenced to imprisonment for thirty days or more, should be imprisoned in the penitentiary.

The prisoner in this case is brought before me on a writ of *habeas corpus*, issued to inquire into the cause of his detention.

The sheriff has made a return to the writ, stating that he holds him by virtue of the following commitment :—

"At a court of oyer and terminer holden in and for the county of Kings, at the court house in the city of Brooklyn, on the 12th day of September, in the year of our Lord 1854—

present, the Hon. WM. ROCKWELL, justice presiding, HENRY A. MOORE, county judge, NICHOLAS STILLWELL and SAMUEL S. STRYKER, justices of the peace.

" The people of the state of New-York agt. John Cavanagh, convicted of misdemeanor.

" Whereupon it is ordered and adjudged by the court, that the said John Cavanagh, for the misdemeanor aforesaid, whereof he is convicted, be imprisoned in the common jail of Kings county, for the term of thirty days, and pay a fine of $250; and in default of payment of said fine, be imprisoned for a further term, not exceeding six months.

" A true extract from the minutes.

" C. A. DENIKE, Clerk."

The prisoner's counsel says the return itself does not show a sufficient cause for detention, in this, that the offence for which he is committed does not appear in this commitment, and alleges, by way of traverse, that in Kings county a special statute exists, which directs courts sentencing prisoners to imprisonment for thirty days or more to sentence them to imprisonment in the penitentiary.

The statute is as follows:—

*Chap.* 110—*Laws of New-York.*—" An act relating to the penitentiary in the county of Kings. Passed April 5, 1853, three-fifths being present.

" The people of the state of New-York, represented in Senate and Assembly, do enact as follows:—

" *Sec.* 1. Whenever the penitentiary in the county of Kings shall be ready for the confinement of prisoners therein, the Board of Supervisors of said county shall file a certificate thereof in the office of the clerk of said county, and also publish a notice of the same for three weeks successively in one or more newspapers published in said county.

"*Sec.* 2. After the filing of said certificate and the publication of said notice, it shall be the duty of all magistrates and courts in said county to sentence all persons who, on conviction, are liable (except in capital cases) to imprisonment for a

The application of John Cavanagh.

period of not less than thirty days to confinement in said penitentiary, instead of the county jail."

The necessary facts were proved to show that the preliminaries required had been taken by the board of supervisors, viz., the order, its filing and publication in one or more papers for the period of three weeks. The district attorney was notified of the time of the return of the writ, and appeared in behalf of the people.

The first question that arises is, whether the commitment whereon the prisoner is held is " the final judgment or decree of any competent court of civil or criminal jurisdiction." If it is, then I have no authority to discharge him. The statute (2 *R. S.* 783, § 5) provides that " whenever a judgment upon a conviction shall be rendered in any court, it shall be the duty of the clerk thereof to enter such judgment fully in his minutes, stating briefly the *offence* for which such conviction shall have been had." In this case it was proved that the commitment on which the prisoner was held was a transcript of the minutes of the clerk—which was the only judgment that exists. Is this a judgment? No *offence* is stated. It is true, that it says, " for misdemeanor." This embraces a numerous class of cases, but is not the name or description of any particular offence. We cannot from this determine for what he has been tried or convicted, nor could this judgment without proof be a bar to another trial for any specific misdemeanor. The statute which requires that the judgment should state the offence, means more than that it should state to which class of offences—felonies or misdemeanors—it belongs, and a minute like the one proved in this case is not a judgment within its intent or letter. I see no objection, therefore, to proceeding with the examination into the cause of the prisoner's detention.

He is held, the return states, on a sentence of thirty days' imprisonment and to pay a fine of $250, or in default thereof an imprisonment of six months, for a misdemeanor. Now, there are some misdemeanors for which a person convicted cannot be imprisoned at all, and others in which the fine cannot amount to the sum here named. Can any one, from the process

or the judgment on which the sheriff holds the prisoner, determine whether this is a legal sentence? Opening sealed letters is a misdemeanor, punishable by a fine not exceeding $100 and imprisonment not exceeding one month.

Assemblage of three or more persons in public houses, disguised, is a misdemeanor, punishable by imprisonment alone. Winning or losing at play more than $25 within twenty-four hours is a misdemeanor, punishable by fine alone.

There are so many cases of this kind that I cannot now enumerate them. These will furnish an example to show that from the mere statement that the prisoner has been convicted of a misdemeanor, it does not appear that the sentence in this case was one which the court was authorized to pronounce.

There are felonies for which a person on conviction may be imprisoned in the county jail or state prison, and other felonies on which he may be sentenced to be executed. Now, surely it would not be enough, in entering up a judgment for a capital offence, to say that a prisoner was convicted of a felony. The statute, when it says the judgment shall state the offence, means that it shall specify more than the class of the offence, namely, a felony or a misdemeanor, but that it shall designate the particular offence for which he has been indicted and tried, whether it be for gaming, larceny, or murder. I conclude, therefore, that this is not a judgment.

But even if it were the final judgment of a court of competent jurisdiction, there is no reason why the prisoner should not be discharged, if anything appears on the face of the process which shows it invalid. A judge cannot, on *habeas corpus*, go back and inquire into the merits of the case ; nor whether errors were committed on the trial ; but if the process is set out by which the prisoner is confined, then, in the language of judge BRONSON, (5 *Hill*, 167, People agt. Cassels,) "the officer may inquire whether in truth there be any process, and whether it appears on its face to be valid. He may also inquire whether any cause has arisen since the commitment for putting an end to the imprisonment—as a pardon, reversal of the judgment, payment of the fine, and the like."

There are many cases which cannot be reached by writ of error, and where the only means of obtaining a release from an illegal imprisonment is either by a motion to the court, or by a resort to this writ, which is so highly favored by law that it is made a penal offence for an officer to refuse it.

I think the imprisonment is illegal for another reason. The penitentiary of Kings county is the place provided by law for the confinement of persons sentenced for thirty days, and I see no ground for leaving it discretionary with the court to elect in which place the confinement shall be—the jail or penitentiary.

Of the merits of the conviction I know nothing, and have no concern. I am only to pass upon the legality of the imprisonment, and, being satisfied that it is illegal, my duty is plain. The prisoner must be discharged. Whether the oyer and terminer, on entering a judgment on the conviction, may again arrest and sentence him need not now be determined.

Note.—Isaac Crampton was convicted in the Kings county sessions. The same sentence was pronounced, the same proceedings taken for his discharge, with the same result, as in the case of John Cavanagh.